**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Miguel CARREON–PALACIO,
Defendant–Appellant.**

No. 02–50859.

United States Court of Appeals,
Fifth Circuit.

Aug. 20, 2003.

---

and should therefore be retroactively applied to him.

While we will consider the effect of "clarifying" amendments on direct appeal, a different rule applies when the issue is raised on collateral attack pursuant to 18 U.S.C. § 3582(c)(2); "[E]ligibility for consideration under [18 U.S.C. § 3582(c)(2)] is triggered *only by an amendment listed in [U.S.S.G. § 1B1.10(c)] that lowers the guideline range."* United States v. Drath, 89 F.3d 216, 217–18 (5th Cir.1996) (internal quotations and citation omitted). Amendment 635 is not listed in U.S.S.G. § 1B1.10(c); therefore, a reduction in sentence under 18 U.S.C. § 3582(c) is inconsistent with the Sentencing Commission's policy statement, and the amendment cannot be given retroactive effect. *See id.*

In light of the foregoing, the district court did not abuse its discretion.

AFFIRMED.

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM.*

Miguel Carreon–Palacio, federal prisoner # 19628–057, is serving a 90–month sentence for possession with intent to distribute marijuana. He appeals from the denial of the order denying him a reduction in sentence under 18 U.S.C. § 3582(c)(2). He argues that Amendment 635 to the Sentencing Guidelines clarified the law to allow for consideration of his mitigating role under U.S.S.G. § 3B1.2

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.